IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL SCHNELL | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | 08-CV- 05529 |
| | : | |
| ALLENTOWN HOUSING | : | |
| AUTHORITY, et al. | : | |
| | : | |
| Defendants | : | |

MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                                              SEPTEMBER 24,  2009

      Plaintiff brought this action under 42 U.S.C. §1983, claiming his former employer, the

Allentown Housing Authority (the "Authority"), violated the Fourteenth Amendment by depriving Plaintiff of

his property interest in his job without due process of law.  Plaintiff has also asserted state law counts for

defamation against his immediate supervisor Robert Werley ("Werley") and the Authority's Executive

Director, Daniel Farrell ("Farrell") as well as a claim for breach of the duty of fair representation against

Plaintiff's union, Service Employees International Union Local 473 395 ("SEIU"), and the Authority

pursuant to the Pennsylvania Public Employees Relations Act, 43 P.S. § 1101.1201  et seq. ("PERA").

Presently before the Court is the Motion of Defendants the Authority, Werley and Farrell to Dismiss pursuant

to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.  Because resolution of the motion required the Court to

examine affidavits, the Court issued an Order alerting the parties to the fact that it planned to construe the

motion to dismiss as a motion for summary judgment and inviting the parties to file any further materials in

support of their positions within 10 days. Plaintiff has also filed a Motion to Amend/Correct the Complaint to

drop the only federal claim in the Complaint and add another party, Paul Borchick, as an additional Plaintiff.

For the reasons which follow, the Motion to Amend is denied and the Motion for Summary Judgment is granted.

Summary judgment is appropriate if the moving party can "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Federal Rules of Civil Procedure 56(c).  When ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The moving party bears the initial burden of showing the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Once the moving party has done so, the non-moving party must make a showing sufficient to establish the existence of every element essential to that party's case, based on the affidavits or by depositions and admissions on file.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The facts necessary to decide Defendants' motion are not in dispute.  Plaintiff worked for the Defendant in its maintenance department from June 7, 1976 until December 26, 2007, when he was terminated for alleged theft.  Plaintiff alleges that the actual reason he was terminated was because of an "anti-union" animus held by the Authority and its management.

To have a protected property interest in a job, Plaintiff must show that he has a legitimate entitlement to continued employment.  Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005)(citing Bd. of Regents of State College v. Roth, 408 U.S. 564, 577 (1972)).  "[O]nly two types of contract have been found to be property protected by the Fourteenth Amendment.  The first is a contract that confers a protected status, such as a tenure contract providing for permanent employment.  The second is a contract explicitly providing that it may be terminated only "for cause."  Sanquingi v. Pittsburgh Board of Public Education, 967 F.2d 393, 401 (3d Cir. 1992).  In the absence of a showing that state law has created a legitimate expectation of continued employment, a public employee is presumed to be an at-will employee.  Cooley v. Phila. Hous. Fin. Agency, 830 F.2d 469, 471 (3d Cir. 1997).  An at-will employee does not have a legitimate entitlement to continued employment because he serves solely at the pleasure of his employer.  Chabal v. Reagan, 841 F.2d 1216, 1223 (3d Cir. 1988).

Plaintiff claims he overcomes the at-will presumption by summarily referring to a collective bargaining agreement that he alleges contains a just cause provision.  Memorandum in Opposition to Motion to Dismiss at 6–8.  Plaintiff, however, did not attach a copy of any collective bargaining agreement to his Complaint or to his opposition memorandum.  In view of Plaintiff's failure to attach a copy of any agreement to his Complaint, coupled with Defendants' assertion that no such agreement exists, the Court directed Plaintiff's counsel to file with the Court a copy of the collective bargaining agreement he refers to in his Memorandum in Opposition to Defendants' Motion to Dismiss and directed counsel to highlight the "just cause" provision in the collective bargaining agreement that he claims saves this action from being dismissed.  In response, Plaintiff's counsel submitted the unsigned and unsworn affidavit of Plaintiff in which Plaintiff avers, inter alia, that he has been unable to obtain a collective bargaining agreement from either the Union or a member of the Union.  Affidavit of Randall Schnell at ¶ 6.

Farrell, meanwhile, avers in a signed and sworn affidavit, that no collective bargaining agreement exists.  See Affidavit of Daniel R. Farrell, Executive Director of the Allentown Housing Authority at ¶ 7.  The Affidavit goes on to aver that "[o]n March 10, 2009, the Teamsters Local 773 filed a Petition for Representation with the [Pennsylvania Labor Relations Board].  Under PERA, a representation election shall not be held during the term of any lawful collective bargaining agreement.  On or about April 20, 2009, the SEIU disclaimed its interest in representing the employees.  An election was conducted by the PRLB on May 1, 2009, at which the Teamsters Local 773 was elected as the exclusive labor representative of the employees in the maintenance department."  Id. at ¶¶ 8-11.

In response to the Court's Order stating its intent to construe the motion to dismiss as a motion for summary judgment, Defendants filed the affidavit of Nick Balzano, the former President of the SEIU,  in which he avers, inter alia, that no collective bargaining agreement was ever reached between SEIU and the Allentown Housing Authority.  Affidavit of Nick Balzano at ¶¶ 1-6 .[1]  Because it is apparent from all the

---

[1] Plaintiff, on the other hand, filed a Motion to Amend the Complaint to withdraw the federal due process claim and to proceed with only the state law claim for defamation.  According to Plaintiff, since the federal claim would no longer be part of this suit, the Court would have no choice but to remand the case to state court.  Incredibly, Plaintiff also seeks to assert in his proposed amended complaint a claim against the Allentown Housing Authority on behalf of Paul J. Borchick, Mr. Borchick had already filed a

(continued...)

affidavits that a collective bargaining agreement does not exist, let alone one containing a  "just cause"

provision, Plaintiff cannot overcome the presumption that he was at an at-will employee who could be

discharged at any time by the Authority. Plaintiff had no property interest in his job.  Accordingly, judgment is

entered in favor of the Authority and against Plaintiff on Plaintiff's § 1983 claim.

        Since the Court will enter judgment in favor of the Authority on the only federal claim, the

Court will, in its discretion, decline jurisdiction over the remaining state claims (Counts II and III).

        The Court is quite disturbed over the conduct of Plaintiff's counsel in bringing this suit.  It is

apparent to the Court that if counsel had conducted the most minimal investigation before filing this suit, he

would have learned that no collective bargaining agreement ever existed and his client was at all times an at-

will employee.  The lack of an investigation into the facts is illustrated by language counsel wrote in his

Opposition to Defendants' Motion to Dismiss.  Specifically, Plaintiff states "[t]hus, because the collective

bargaining agreement between the City and Plaintiff's union includes a "for-cause" termination

provision....the Court should find that the Plaintiff had a protected property interest in his employment with

the city.  [sic] was a member of the City employees' collective bargaining unit, which thereby gave her a

property interest in her employment."  Memorandum in Opposition to Dismiss at 7-8.  Since the Plaintiff in

this case is a "he" and the Defendant is the Allentown Housing Authority and not a "City", it is obvious to the

Court that Plaintiff's counsel merely lifted this language from another brief in another case without

investigating whether it applied to the facts of this action.  In the future, we trust that Plaintiff's counsel will

be more mindful of the strictures of Rule 11 of the Federal Rules of Civil Procedure before he files a wrongful

discharge case.

---

[1](...continued)
separate suit against the Allentown Housing Authority, C.A. No. 08-5530, which this Court dismissed for failure to timely file a brief in opposition to Defendants' Motion to Dismiss.  This Court also denied Plaintiff's Motion for Reconsideration.  This Court will not countenance such a blatant attempt by Plaintiff's counsel to manipulate the Federal Rules of Civil Procedure.  If Plaintiff's counsel was dissatisfied with the Court's decision in Borchick his remedy was to take an appeal. The Court understands that counsel has since done so.  Instead, Plaintiff's counsel attempts to bootstrap the already dismissed Borchick defamation claim to the claims raised in this suit, and then have the entire matter remanded to state court.  The Court will not permit Plaintiff's counsel to make a mockery of the Federal Rules of Civil Procedure by allowing him to withdraw his federal claim solely because he realizes summary judgment as to that claim is inevitable.  As noted, infra, if Plaintiff's counsel had done even the slightest investigation before filing this suit, he would have quickly learned that no collective bargaining agreement ever existed, and therefore, there was no basis for a federal claim in the first place.

The Court is even more disturbed by the attempt of Plaintiff's counsel to "end run" a previous decision by this Court by bootstrapping claims from a previously dismissed case into this case by amending the complaint.   Again, the Court wishes to remind counsel that such actions border on violations of Rule 11.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RANDALL SCHNELL                         :          CIVIL ACTION
                                        :
                  Plaintiff             :
                                        :
         vs.                            :          08-CV-05529
                                        :
ALLENTOWN HOUSING                       :
AUTHORITY, et al.                       :
                                        :
                  Defendants            :

_____ ORDER

         AND NOW,  this 24th day of September, 2009, it is hereby ORDERED that the Motion of the

Defendants Allentown Housing Authority, Robert Werely and Daniel Farrell to Dismiss pursuant to

Fed.R.Civ.P. 12(b)(6) [Doc. #3] is construed as a motion for summary judgment.

         It is further ORDERED that the Motion for Summary Judgment [Doc. #3] is GRANTED.

         It is further ORDERED that judgment is ENTERED in favor of the Defendants Allentown

Housing Authority, Robert Werley and Daniel Farrell and against Plaintiff Randall Schnell on Count One of

the Complaint.

         It is further ORDERED that Counts Two and Three of the Complaint are DISMISSED

WITHOUT PREJUDICE to asserting those counts in the appropriate state court.

         It is further ORDERED that the Motion to Amend/Correct [Doc. #14]  is DENIED.

         The Clerk is DIRECTED to mark this case closed for statistical purposes.


                                   BY THE COURT:



                                   *S/THOMAS M. GOLDEN*
                                   THOMAS M. GOLDEN, J.